United States of America,

          **Plaintiff,**

v.                                       **Case No. 07-20168-16-JWL**

Michael O. Clark,

          **Defendant.**

## MEMORANDUM & ORDER

In February 2009, defendant Michael O. Clark entered a plea of guilty to conspiracy to possess with intent to distribute and to distribute cocaine base. The court sentenced Mr. Clark to a 121-month term of imprisonment and a five-year term of supervised release. Mr. Clark began his term of supervision in January 2016. This matter is now before the court on Mr. Clark's motion for early termination of his supervision. The government opposes the motion. As will be explained, the motion is granted.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). Mr. Clark contends that early termination is appropriate because he has served 32 months of his 60-month term; he has successfully reintegrated into the community and has strong and stable ties to his family; he is in good standing with the probation office; he has maintained employment since his release and has demonstrated leadership abilities in his employment; he has established his

own residence; and he has submitted negative drug tests throughout his term of supervision. Importantly, the probation office supports Mr. Clark's request for early termination.

The government opposes Mr. Clark's motion for two reasons. First, the government contends that Mr. Clark's request violates the plea waiver contained in the plea agreement in which Mr. Clark agreed to waive his right to appeal or collaterally attack his sentence, including the length of supervised release. In support of this argument, the government relies on *United States v. Van Riper*, 2013 WL 1411250 (W.D. Okla. Apr. 8, 2013). In that case, however, the defendant's plea waiver included language expressly waiving the defendant's right to "appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court." *Id.* at *1. In concluding that the waiver precluded the defendant from trying to terminate the remainder of his term of supervised release, the court found that the phrase "or some other ground" included a motion under § 3583(e)(1). No such language appears in the plea waiver executed by Mr. Clark and the *Van Riper* case is inapposite. Unlike the waiver at issue in *Van Riper*, the waiver executed by Mr. Clark is strictly limited to appeals and collateral attacks. In pertinent part, that waiver states as follows:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. . . . The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner [sic] in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b).

By its plain language, then, the waiver limits Mr. Clark's attempts to challenge or modify his

term of supervised release to the context of a collateral attack. Without question, a motion to

modify under § 3583(e) is not a collateral attack. As the Tenth Circuit has explained in the

context of a motion under § 3582(c)(2):

> The conventional understanding of "collateral attack" comprises challenges
> brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. §
> 2255, as well as writs of coram nobis. These are extraordinary remedies that
> complain about the substance of, or proceedings that determined, a defendant's
> original sentence or conviction. It is by no means obvious that a defendant's
> motion to modify his sentence under 18 U.S.C. § 3582(c)(2), pursuant to a
> subsequent amendment in the Sentencing Guideline that was applied to his case,
> would be reasonably understood as a "collateral attack" on his sentence as
> opposed to a motion prospectively to modify a sentence based on events occurring
> after the original sentence was imposed. *Cf. United States v. Torres-Aquino*, No.
> 02-2075, 334 F.3d 939, 2003 U.S. App. LEXIS 13473 (10th Cir. July 2, 2003)
> (which similarly draws a distinction between § 2255 actions, which attack the
> original sentence, and § 3582(c)(2) actions, which do not attack the original
> sentence but only seek to modify it).

*United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). Mr. Clark's motion to

terminate his term of supervised release does not challenge the substance of his original sentence

or the proceedings that determined his sentence. It is not a collateral attack. The government's

waiver argument, then, is rejected. *See United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir.

1999) (the plain language of § 3583(e) does not provide a mechanism for a collateral attack on

an individual's original sentence).

Next, the government argues that there is an insufficient basis for early termination and

that supervision is a valuable tool to deter further criminal conduct. But it is significant to the

court that the probation office supports termination and has concluded that Mr. Clark meets the

eligibility criteria set forth in the applicable statutes and in Monograph 109, § 380.10—Early

Termination. The probation office is the most familiar with Mr. Clark's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. Moreover, the eligibility criteria, contrary to the government's suggestion, do not mandate a showing of undue hardship or "extraordinary circumstances." *See United States v. Emmett*, 749 F.3d 817, 819 (11th Cir. 2014) (text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship); *United States v. Harris*, 258 F. Supp. 3d 137, 149-50 (D.D.C. 2017) ("[C]onstruing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text."); *United States v. McFadden*, 2017 WL 68649, at *2 (D.N.J. Jan. 5, 2017) (a defendant need not show extraordinary circumstances to merit a reduction of supervised release).

In short, the court concludes that termination of Mr. Clark's supervision is warranted in light of the factors in § 3553(a) and is in the interest of justice. He has served more than one-half of his term; he has successfully reintegrated into the community as evidenced by his connections to his family; he has maintained consistent employment in which he has demonstrated leadership potential; he has established and maintained his own residence; and he is in good standing with the probation office. The court is persuaded that termination of supervised release is warranted here. Accordingly, the court grants the motion, and defendant's term of supervised release is hereby terminated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Clark's motion to terminate for early termination of supervised release (doc. 1861) is **granted** and defendant's term of supervised release is hereby terminated.


**IT IS SO ORDERED.**


Dated this 2nd day of October, 2018, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge